**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
|     Plaintiff, ) | |
| ) | CauseNo. 4:18-CR-975 RWS/JMB |
| v. ) | |
| ) | |
| Randy Hays ) | |
| ) | |
|     Defendant. ) | |
| ) | |

**DEFENDANT RANDY HAYS' MEMORANDUM OF LAW IN**
**SUPPORT OF HIS MOTION FOR SEVERANCE**

COMES NOW, Defendant Randy Hays (hereinafter "Defendant"), by and through counsel, and submits this Memorandum of Law in Support of his Motion for Severance.

## INTRODUCTION

A court may order severance "if the joinder of offenses or defendants in an indictment, an information or a consolidation for trial purposes appears to prejudice a defendant…" Fed. R. Crim. P. 14(a).  The defendant bears the burden of showing prejudice.  *See, e.g., United States v. Souffront,* 338 F.3d 809, 828 (7th Cir. 2003).  According to the Ninth Circuit:

> The moving party must show a violation of one of his substantive rights by reason of the joint trial: 1) unavailability of full cross-examination, 2) lack of the opportunity to present an individual defense, 3) the denial of Sixth Amendment confrontation rights, 4) lack of separate counsel among defendants with conflicting interests, or 5) the failure to properly instruct the jury on the admissibility of evidence as to each defendant.

*United States v. Douglass,* 780 F.2d 1472, 1478 (9th Cir. 1986) (quoting *United States v. Escalante*, 637 F.2d 1197 (9th Cir. 1980).  Defendant's argument for severance in this case focuses on the lack of opportunity to present an individual defense based on the spillover effect the individual text messages of other defendants will have on his case.

## ARGUMENT

In *United States of America v. Baker*, 98 F.3d 330 (8th Cir. 1996), Douglas Baker and his co-defendant Leroy Wheeler were charged together, in one count, with aiding and abetting the other in knowingly possessing ricin for use as a weapon.  Baker appealed his conviction arguing that he was prejudiced by the joinder because the jury heard evidence that was admissible only against Wheeler.  The Court held severance should have been granted because the prejudicial and highly inflammatory evidence that the jury should not have considered against Baker and that would not have been admissible if Baker had been tried along was admitted against Wheeler.  The Court stated "even though the issues and the evidence were relatively straight-forward, the risk of substantial prejudice from the spillover effect of the conspiracy evidence and the documents was too high to be cured by less drastic measures, such as the limiting instructions given by the district court."

In this case, much like *Baker*, some of the text messages contain prejudicial and highly inflammatory statements.  While Defendant will have to answer for any statements he made, his defense and freedom should not be anchored to the statements of the other defendants in text message conversations he was not a part of.  Like *Baker,* if Defendant is tried individually the text messages in which he took no part and which are not relating back to him would not be relevant.  Furthermore, the risk of substantial prejudice from the spillover effect of these messages that would otherwise not be relevant is too high to be cured by a limiting instruction given by the trial court.  This is especially true given the extremely serious and sensational nature of the offenses charged.

Respectfully submitted,

MILLIKAN WRIGHT, LLC


By:   /s/ Brian P. Millikan_____
Brian P. Millikan, #50900MO
12180 Old Big Bend Road
Kirkwood Missouri 63122
(314) 621-0622 (Telephone)
(866) 640-0289 (Telefacsimile)
bmillikan@millikanwright.com


## CERTIFICATE OF SERVICE

I hereby certify that on the 10th day of May, 2019, a copy of the foregoing **DEFENDANT RANDY HAYS' MEMORANDUM OF LAW IN SUPPORT OF HIS MOTION FOR SEVERANCE** was filed electronically with the Clerk of the Court in the United States District Court, Eastern District of Missouri, Eastern Division and to be served by the operation of the Court's electronic filing system upon all attorneys of record.

  /s/  Brian P. Millikan____