UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:18-CR-00975-CDP/JMB |
| | ) |
| RANDY HAYS, | ) |
| | ) |
| Defendant. | ) |

**GOVERNMENT'S RESPONSE IN OPPOSITION TO
DEFENDANT RANDY HAYS' MOTION FOR SEVERANCE**

Comes now the United States of America, by Jeffrey B. Jensen, United States Attorney for the Eastern District of Missouri, and Reginald L. Harris, Assistant United States Attorney for said District, and in response to Defendant Randy Hays' Motion for Severance, states as follows:

**I. INTRODUCTION**

Defendant Randy Hays' motion to sever his case from that of his co-defendants should be denied. The defendants were properly joined in the same indictment pursuant to the Federal Rules of Criminal Procedure, and Hays fails to demonstrate the compelling prejudice required to warrant deviating from the longstanding preference in the federal system for joint trials of defendants who were properly indicted together. Hays' speculation that some text message conversations of which he was not a part will unfairly prejudice his right to a fair trial is just that – speculation. To be sure, the Government has produced in discovery many text messages that pertain to the charges in the indictment, however the Government has not yet decided which text messages to seek to introduce at trial. If the Government moves to introduce text messages that, while admissible against his co-defendants, ultimately may not be admissible against Hays, the

Court can instruct the jury as to how it may consider such text messages in its deliberations. Hays has proffered no information demonstrating that such a limiting instruction would be insufficient. The Government requests that the Court deny Hays' severance motion.

## II.  JOINDER WAS PROPER

The Government properly joined Hays in the same indictment with his co-defendants Dustin Boone and Christopher Myers. Rule 8 of the Federal Rules of Criminal Procedure provides that:

> The indictment or information may charge 2 or more defendants if they are alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses. The defendants may be charged in one or more counts together or separately.

Fed. R. Crim. P. 8(b). In this case, Hays, Boone, and Myers are charged in count one with depriving L.H. of his constitutional rights by using unreasonable force against him while acting under color of law. See United States v. Boone et al., 4:18CR975CDP, Document #2 ("Indictment"), pp. 1-5. In count two of the indictment, Hays and his co-defendants are charged with conspiring with one another to obstruct the investigation into the crime charged in count one. Id. at 6-7. All three defendants are charged with those same two offenses, occurring at and over the same period of time, and arising out of essentially the same set of operative facts. Thus, there is no question that the Government properly joined all three defendants in the same indictment, and Defendant Hays' motion does not argue otherwise. Fed. R. Crim. P. 8(b).

## III.  NO PREJUDICE EXISTS REQUIRING SEVERANCE

Hays claims that this Court should sever his case from that of his co-defendants because of the spillover effect of text message conversations involving his co-defendants. Although a court may grant a severance of trials "[i]f the joinder of … defendants in an indictment … appears to prejudice a defendant," Fed. R. Crim. P. 14(a), there is no basis for severance in this

2

case because Hays cannot demonstrate that a joint trial will prejudice his right to a fair trial. United States v. Young, 753 F.3d 757, 777 (8th Cir. 2014) (citation omitted).  "There is a preference in the federal system for joint trials of defendants who are indicted together." Zafiro v. United States, 506 U.S. 534, 538 (1993).  The joinder and severance rules "are designed to promote economy and efficiency and to avoid a multiplicity of trials, so long as these objectives can be achieved without substantial prejudice to the right of the defendants to a fair trial." Id. at 540.  Generally, defendants indicted together should be tried together in the interests of judicial economy.  Buchanan v. Kentucky, 483 U.S. 402, 418 (1987).  A joint trial allows the jury a more complete picture of the crime and thus increases the likelihood of a correct outcome.  Young, 753 F.3d at 778.  Joint trials also serve the interests of justice in that they avoid the scandal and inequity of inconsistent verdicts.  Zafiro, 506 U.S. at 538.

      To warrant severance, a defendant must show "'real prejudice,'" that is, 'something more than the mere fact that he would have had a better chance for acquittal had he been tried separately.'"  United States v. Oakie, 12 F.3d 1436, 1441 (8th Cir. 1993) (citation omitted).  Thus, a defendant "carries a heavy burden in demonstrating that severance is mandated." Young, 753 F.3d at 777.  The decision whether to grant a severance is committed to the sound discretion of the district court.  United States v. Wint, 974 F.2d 961, 966 (8th Cir. 1992), cert. denied, 506 U.S. 1062 (1993).

      A defendant may show sufficient prejudice to require a severance under Rule 14 by demonstrating that his defense is irreconcilable with that of his co-defendants, or that the jury will be unable to compartmentalize the evidence as it relates to the separate defendants.  United States v. Mueller, 661 F.3d 338, 347-48 (8th Cir. 2011), cert. denied, 566 U.S. 955 (2012).  Hays does not claim that his defense is irreconcilable with that of any of his co-defendants.  Thus, the

3

issue here is whether the jury will be able to compartmentalize the evidence against each defendant and make independent judgments as to their guilt or innocence.  Id.

The charges and evidence in this case are straightforward such that a jury will not be confused or incapable of compartmentalizing the evidence against each defendant.  As the indictment shows, the charges arise out of the same series of acts, particularly the defendants all encountering L.H. at the same time, assaulting L.H. together, and then conspiring together to keep federal law enforcement officers from receiving information about the assault.  See Indictment, pp. 1-7.  The charges are not complicated and the issues to be presented and proven at trial are not complex.  Further, the Court will certainly instruct the jury to assess each defendant's guilt separately during the Government's case and in final instructions.  See United States v. Mickelson, 378 F.3d 810, 818 (8th Cir. 2004) ("The risk of prejudice posed by joint trials is best cured by careful and thorough jury instructions."); United States v. Ortiz, 315 F.3d 873, 898 (8th Cir. 2002) (noting that Rule 14 "does not require severance to cure prejudice, but allows courts to order 'whatever other relief justice requires' in the particular situation"); 8th Cir. Model Jury Instructions 2.14 & 3.08.

To warrant severance, Hays must make "a specific showing that a jury could not reasonably be expected to compartmentalize the evidence." United States v. Hively, 437 F.3d 752, 765 (8th Cir. 2006).  Hays' claim in this case is speculative, and thus he cannot overcome the strong presumption in favor of a joint trial.  Hays contends that he will suffer prejudice from the spillover effect of text message conversations in which he took no part and which he says are not relevant to him.  However, potential "spillover" by itself is not grounds for severance. United States v. Flores, 362 F.3d 1030, 1042 (8th Cir. 2004); Hively, 437 F.3d at 765 ("Severance is never warranted simply because the evidence against one defendant is more

4

damaging than that against another, even if the likelihood of the latter's acquittal is thereby decreased.") (citations omitted).  Thus, Hays' concern about the impact on his case of the introduction of his co-defendants' text messages is insufficient to entitle him to a severance.  See United States v. Sparks, 949 F.2d 1023, 1027 (8th Cir. 1991), cert. denied, 504 U.S. 927 (1992) (defendants charged with drug and firearm charges and conspiracy were not entitled to severance).

Hays is essentially making the same argument that has repeatedly been rejected by the Eighth Circuit.  In Sparks, one party to a drug conspiracy, McGhee, sought to have his trial severed from that of his co-conspirator, Sparks, on the grounds that evidence of gang affiliation that was admissible against Sparks would not have been admissible against McGhee had he been tried alone.  Id.  The Eighth Circuit upheld the denial of severance, stating, "McGhee has not shown the requisite degree of prejudice.  It is not enough that evidence admissible against Sparks was not admissible against him."  Id.

In Hively, an elected prosecutor (Hively), his deputy prosecutor (Ketz), and a bail bondsman were indicted on multiple charges related to a racketeering scheme.  Hively, 437 F.3d at 757.  Hively and the bail bondsman, but not Ketz, were also charged with conspiracy to commit extortion arising from multiple efforts to extort real property and money from others.  Id. at 758.  Among the items of evidence introduced at trial were lewd photographs used in the extortion attempt.  Id. at 759.  Ketz sought severance on the basis of the spillover effect of the extortion evidence that did not pertain to him.  Id. at 765.  The Eighth Circuit rejected Ketz's claim of prejudice as "speculative and insufficient to overcome the presumption in favor of a joint trial."  Id.  The Eighth Circuit further stated, "Although some of the extortion evidence which did not pertain to Ketz was of an unsavory nature, the court's instructions to the jury

5

sufficiently distinguished the charges against each defendant to guard against any spillover effect of evidence applicable only to the other defendants." Id. at 766. Similarly, Hays' concern about spillover in this case is insufficient to entitle him to severance.

To support his request for severance, Hays cites United States v. Baker, 98 F.3d 330 (8th Cir. 1996), in which the Eighth Circuit reversed Baker's conviction for possessing a toxin for use as a weapon in violation of 18 U.S.C. § 175 on the grounds that the district court should have granted his motion for severance. However, Baker is an outlier and is aptly described in the opinion as "*the rare case* in which severance should have been granted." Id. at 335 (emphasis added). In explaining its holding, the two-judge majority noted significantly that Baker was not part of any conspiracy, unlike his co-defendant who allegedly had conspired with others. Id. Moreover, the court noted that most of the evidence at trial was admissible only against Baker's co-defendant and not against Baker, including: co-conspirator's statements; the co-defendant's inculpatory statement, which indirectly incriminated Baker; and highly inflammatory documentary evidence. Id.

The factors that made Baker the "rare case" warranting severance simply are not present here. Most importantly, Hays is charged with conspiracy, and the Eighth Circuit has "consistently held that persons charged with a conspiracy should generally be tried together." United States v. Kindle, 925 F.2d 272, 277 (8th Cir. 1991); see also United States v. Drew, 894 F.2d 965, 968 (8th Cir.), cert. denied, 494 U.S. 1089 (1990); ("Rarely, if ever, will it be improper for co-conspirators to be tried together."). Hays is charged with conspiring with his co-defendants to hinder the investigation of a crime that he is charged with committing with his co-defendants. See United States v. Pou, 953 F2d 363, 368 (8th Cir.), cert. denied, 504 U.S. 926 (1992) ("Ordinarily, indicted coconspirators should be tried together, especially where the proof

6

of conspiracy overlaps."). Furthermore, there is nothing to indicate that most of the evidence to be introduced at trial will be admissible only against Hays' co-defendants and not against Hays. Consequently, this is not the rare case for which this Court should deviate from the longstanding preference for joint trials of defendants properly indicted together. This Court should deny Hays' motion for severance.

## IV. CONCLUSION

For all the foregoing reasons, the Government requests that this Court deny Defendant Hays' motion for severance.

Respectfully submitted,

JEFFREY B. JENSEN
United States Attorney

*/s/ Reginald L. Harris*
REGINALD L. HARRIS, #48939MO
Assistant United States Attorney
111 South 10th Street, Room 20.333
St. Louis, Missouri  63102
(314) 539-2200

## CERTIFICATE OF SERVICE

I hereby certify that on May 24, 2019, the foregoing was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system upon counsel of record.

*/s/ Reginald L. Harris*
Assistant United States Attorney

7