UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:18 CR 975 CDP (JMB) |
| | ) | |
| RANDY HAYS, | ) | Defendant #2 |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM, REPORT, AND RECOMMENDATION OF MAGISTRATE JUDGE**[1]

Currently before the Court is Defendant Randy Hays' Motion for Severance.  (ECF No. 67)  Specifically, Hays asks the Court to sever his trial from that of his co-defendants.  The government opposes severance.  (ECF No. 77)  On June 14, 2019, the Court heard oral argument from the parties.  Hays was present with his attorney, Brian P. Millikan.  The government was represented by Fara Gold, a Trial Attorney with the Department of Justice, Civil Rights Division.[2]  For the reasons outlined below, the undersigned recommends that Hays' Motion for Severance be denied.

**PRODECURAL BACKGROUND**

Hays is one of four officers with the St. Louis Metropolitan Police Department (SLMPD) charged with offenses following the alleged beating of a fellow officer (referred to as L.H.) in

---

[1] Pretrial matters have been referred to the undersigned United States Magistrate Judge, under 28 U.S.C. § 636(b).

[2] Also present on behalf of the government were Jennifer Winfield, an Assistant United States Attorney and Janea Lamar, a Department of Justice Trial Attorney.

-1-

September 2017.³  The Grand Jury charged Hays with a civil rights violation, pursuant to 18 U.S.C. § 242 (Count One), and conspiracy to obstruct an investigation, pursuant to 18 U.S.C. § 1512(k) (Count Two).

The Indictment alleges that L.H. was an SLMPD officer acting in an undercover capacity during protests occurring in the City of St. Louis in September 2017, following the acquittal of former SLMPD Officer Jason Stockley.  Stockley had been charged with murder.  In an introduction, the Indictment alleges that –

> [a]s the Stockley acquittal was announced and in the days thereafter, defendants Dustin Boone, Randy Hays, and Christopher Myers variously expressed disdain for the Stockley protestors and excitement about using unjustified force against [the protestors] and going undetected while doing so ….

(ECF No. 1 at 2)  The Indictment supports this allegation with purported conversations or statements of Boone, Myers, and Hays.

Count One alleges that Hays and co-defendants Boone and Myers "threw L.H. to the ground and then kicked and struck L.H. while he was compliant and not posing a physical threat to anyone. [And the] offense resulted in bodily injury to L.H. and included the use of a dangerous weapon, that is:  shod feet and a riot baton."  (ECF No. 1 at 5)  Count Two alleges that Boone, Hays, and Myers "did knowingly and voluntarily conspire, combine, and agree with each other to engage in misleading conduct toward individuals to hinder, delay, and prevent communication to a law enforcement officer of the United States of information relating to the commission and possible commission of a federal offense."  (ECF No. 1 at 6)⁴  Count Two also

---

³ Hays' three co-defendants elected not to file any pretrial motions in this matter.  (See ECF Nos. 66, 70, and 84)

⁴ Counts Three and Four do not involve Hays.  Count Three alleges that co-defendant Myers destroyed L.H.'s cell phone, in an effort to obstruct the investigation, in violation of 18 U.S.C. § 1519.  Count Four charges another officer, Bailey Colletta, with making misleading

alleges that Boone, Hays, and Meyers made false statements, made efforts to contact LH directly "to dissuade him from pursuing disciplinary and legal action in reference to the assault," and "communicated to potential witnesses, via text messages, verbal exchanges, and in-person meetings, their contrived and inaccurate versions of what happened to L.H. and, at times, attempted to influence the testimony of potential witnesses." (ECF No. 1 at 6-7)

At oral argument, the parties' positions made clear that the government has substantial text message evidence that may be used to prove the allegations in the Indictment at trial. Hays contends, however, that some of the text messages do not involve him at all and include highly inflammatory content, including matters relating to race. The government counters that, while some of the text messages do not involve Hays directly, those messages are less prejudicial to Hays than Hays' own text messages and the statements he made to other persons. The government also proffered facts that, if proven, would indicate that Hays was not a mere bystander or minor participant in the events alleged.

## DISCUSSION

**I.  Summary of Arguments**

Pursuant to Fed. R. Crim. P. 14(a), Hays asks the Court to sever his trial from that of co-defendants Boone and Myers.[5] Hays contends that his ability "to present an individual defense" will be unfairly prejudiced by the "spillover effect" of text message conversations in which he

---

assertions and providing false statements to the Grand Jury, in violation of 18 U.S.C. § 1512(c)(2). The government contends that Colletta was Hays' girlfriend at the times in question.

[5] Hays does not argue severance based on improper joinder. Further, Hays does not contend that any of the co-defendants' text messages give rise to concerns pursuant to Bruton v. United States, 391 U.S. 123 (1968), which addressed the potential collision between joint defendants' Sixth Amendment right of confrontation and their Fifth Amendment right not to be made a witnesses against themselves. See United States v. Ortiz 315 F.3d 873, 899 (8th Cir. 2002).

did not participate and which do not relate to his conduct.  (ECF No. 68 at 1-2)  Hays argues that such evidence is not relevant to the charges against him and that the potential prejudice cannot be mitigated with jury instructions.  At oral argument, Hays stressed that this is not an ordinary case because it involves highly publicized events and has emotionally charged and racial bias overtones and allegations.  Hays contends that his right to a fair trial will be jeopardized if his jury is allowed to consider text message evidence that did not involve him or his statements.

The government counters that Hays' arguments rest on speculation and he has failed to make a sufficient showing to justify severance in this matter.  The government notes that the case is not complex and that Count Two charges a conspiracy involving Boone, Hays, and Myers.  According to the government, what makes this case unique is not the charges but that the victim was an undercover police officer.

The government also avers that "there is nothing to indicate that most of the evidence to be introduced at trial will be admissible only against [Boone and Myers] and not against Hays [too]."  (ECF No. 77 at 7)  At oral argument the government stressed that a jury should hear the evidence in one trial so that it has a complete picture of what happened.  The government believes that a properly instructed jury would render a reliable judgment as to Hays' guilt or innocence.

## II.     **Legal Principles and Analysis**

Even when multiple defendants are properly joined, a district court may, in its discretion, sever the trial of jointly indicted defendants pursuant to Fed. R. Crim. P. 14(a).  Under Rule 14(a) –

> If the joinder of offenses or defendants in an indictment … appears to prejudice a defendant …, the court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires.

Severance of defendants is not lightly granted.  "There is a preference in the federal system for joint trials of defendants who are indicted together."  Zafiro v. United States, 506 U.S. 534, 537 (1993).  See also United States v. Lane, 474 U.S. 438, 449 (1986) (explaining that joint trials also conserve resources and reduce inconveniences).  "When [as here] defendants are properly joined, there is a strong presumption for their joint trial, as it gives the jury the best perspective on all of the evidence and therefore increases the likelihood of a correct outcome."  United States v. Casteel, 663 F.3d 1013, 1019 (8th Cir. 2011) (quoting United States v. Lewis, 557 F.3d 601, 609 (8th Cir. 2009)), cert. denied, 565 U.S. 1275 (2012).

"It has long been the rule that severance is warranted 'only if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence.'"  United States v. Ali, 799 F.3d 1008, 1023 (8th Cir. 2015) (quoting Zafiro, 506 U.S. at 539).  Thus, "[a] court will permit severance only 'upon a showing of real prejudice to an individual defendant.'"  United States v. Payton, 636 F.3d 1027, 1037 (8th Cir.) (quoting United States v. Sandstrom, 594 F.3d 634, 644 (8th Cir. 2010)), cert. denied, 565 U.S. 922 (2011).  See also Casteel, 663 F.3d at 1018 (explaining that the presumption favoring joint trials "'can only be overcome if the prejudice is severe or compelling'") (quoting Lewis, 557 F.3d at 609).  "The defendant carries a heavy burden in making this showing."  United States v. Swinney, 970 F.2d 494, 500 (8th Cir. 1992); see also Sandstrom, 595 F.3d at 644 (quoting same).

As noted, Hays contends that some text message evidence will not pertain to him and a jury might hold such evidence against him unfairly.  In other words, Hays contends that the jury would be unable to compartmentalize the evidence as it relates to each defendant.  Thus, Hays is not arguing that a joint trial would compromise a specific trial right.  Rather, he is arguing that

-5-

the text message evidence will prejudice him and prevent the jury from making a reliable determination of his guilt or innocence.

The possibility for prejudice, however, is not enough—even in a unique case such as this matter. Hays does not show sufficient prejudice warranting severance simply because he would have a better chance of an acquittal if tried separately. See Zafiro, 506 U.S. at 540 ("[I]t is well settled that defendants are not entitled to severance merely because they may have a better chance of acquittal in separate trials."); see also Sandstrom, 594 F.3d at 644. Likewise, "[t]he mere fact that evidence is admitted as to one defendant that would not be admissible as to [another defendant] does not constitute prejudice" requiring severance. United States v. McDougal, 137 F.3d 547 (8th Cir. 1998) (citing United States v. Helmel, 769 F.2d 1306, 1322 (8th Cir. 1985)). Rather, "'[t]he Supreme Court has made it clear that the risk of prejudice posed by joint trials is best cured by careful and thorough jury instructions ….'" Casteel, 663 F.3d at 1019 (quoting United States v. Delpit, 94 F.3d 1134, 1143 (8th Cir. 1996)).[6]

Having reviewed the available record, the undersigned finds that the charges are not "so complicated that concerns about the jury's ability to follow [proper] instructions [might] arise." Ali, 799 F.3d at 1024. The government proffered that it has ample, individual evidence against Hays to support the charges.[7] Therefore, even assuming that Hays is correct that some of the text

---

[6] See also Eighth Circuit Model Criminal Jury Instruction Nos. 2.14 (evidence admitted against only one co-defendant), 2.15 (statement of one co-defendant not to be used against another co-defendant), and 3.08 (requirement to give separate consideration to evidence regarding each co-defendant) (2014).

[7] As already noted, at oral argument the government proffered facts indicating that Hays was not a mere bystander or minor participant in the alleged conduct. Accepting the government's proffer for the limited purpose of deciding the current motion, it would appear that the government intends to offer evidence directly implicating Hays. Thus, this is a case in which instructions would most likely suffice to ensure that the jury makes a reliable judgment about

message evidence would not be relevant if he were tried separately, any risk of prejudice can be adequately addressed with appropriate jury instructions. See Sandstrom, 594 F.3d at 645 (explaining that "even if a risk of prejudice existed, 'it is of the type that can be cured with proper instructions, and juries are presumed to follow their instructions'") (quoting Zafiro, 506 U.S. at 540).

Furthermore, Count Two charges Hays with a conspiracy involving two other officers. The Eighth Circuit has explained that the argument that the jury would be unable to compartmentalize the separate evidence "faces an uphill battle, for '[r]arely, if ever, will it be improper for co-conspirators to be tried together.'" Ali, 799 F.3d at 1023 (quoting United States v. Kime, 99 F.3d 870, 880 (8th Cir. 1996)).  Similarly, there is reason to question Hays' premise that the many text messages would not be admissible against him at a separate trial.  It seems likely that some of the government's evidence will consist of co-conspirator statements. Therefore, even if Hays did not participate in a particular text message exchange, some exchanges may remain relevant and admissible against Hays, whether tried alone or jointly with co-defendants Boone and Meyers.  See Ali, 799 F.3d at 1024; Fed. R. Evid. 801(d)(2)(E).

Based on the existing record and arguments of the parties, the undersigned finds that Hays has not met his burden of showing that the trial of his case should be severed from the trials of his co-defendants.

### RECOMMENDATION

Accordingly,

**IT IS HEREBY RECOMMENDED** that Defendant Randy Hays' Motion for Severance [ECF No. 67] be **DENIED**.

---

Hays' guilt or innocence and there is minimal risk that any specific trial right would be compromised by a joint trial.

The parties are advised that they have fourteen (14) days in which to file written objections to this Memorandum, Order, and Recommendations, unless an extension of time for good cause is obtained, and that failure to file timely objections may result in a waiver of the right to appeal questions of fact.  See Thompson v. Nix, 897 F.2d 356 (8th Cir. 1990); see also 28 U.S.C. § 636(b)(1)(A), Fed. R. Crim. P. 59(a).

The trial of this matter has been set for August 19, 2019, at 8:30 a.m., before the Honorable Catherine D. Perry, Senior United States District Judge.

/s/ **John M. Bodenhausen**
UNITED STATES MAGISTRATE JUDGE

Dated this   24th   day of  June , 2019